IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

    v.

JAMES DOUCHETTE,
    a/k/a "Jigga"
    a/k/a "Jig"

        Defendant.

---



10-CR-6058

## PLEA AGREEMENT

The defendant, JAMES DOUCHETTE, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1.  The defendant agrees to plead guilty to Counts 1 and 6 of the Indictment.  Count 1 charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute and to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base) for which the mandatory minimum sentence is a term of imprisonment of ten (10) years and the maximum possible sentence is a term of imprisonment of life, a fine of $4,000,000, a mandatory $100 special assessment and a term of

supervised release of at least 5 years and up to life. Count 6 charges a violation of Title 18, United States Code, 924(c)(1) (use, carry and discharge of a firearm during and in relation to, and possession and discharge of a firearm in furtherance of, a drug trafficking crime) for which the maximum possible sentence is a term of imprisonment of at least 10 years and up to life, *said sentence to be served consecutively to any other sentence imposed in this, or any other matter, whether in this jurisdiction or any other*, a fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five (5) years. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

    2.    The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to the charge in the Indictment.

    3.    The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II. ELEMENTS AND FACTUAL BASIS

4.  The defendant understands the nature of the offenses set forth in Paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crimes:

**Count 1 - 21 U.S.C. § 846**

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least five (5) kilograms of cocaine or 50 grams of cocaine base were reasonably foreseeable to the defendant as being within the scope of the conspiracy.

"Intent" to distribute is established if a defendant intended to cause or assist the distribution of the controlled substance.

Count 6 - 18 U.S.C. § 924(c)(1)(A)(iii)

First, that the defendant knowingly possessed, used or carried a firearm;

Second, that the firearm was possessed in furtherance of, or used or carried during and in relation to, a drug trafficking crime for which he could be prosecuted for in a court of the United States; and

Third, that the defendant discharged the firearm in the course of the defendant's possession, use or carrying of the firearm.

## FACTUAL BASIS

5. The defendant and the government agree to the following facts, which form the basis for the entry of the pleas of guilty including relevant conduct:

   a. That between in or about January 2005 and up through and including March 2010, the exact dates being unknown, in Monroe County, Western District of New York, and elsewhere, the defendant, **JAMES DOUCHETTE**, a/k/a "Jigga" a/k/a "Jig", did knowingly, willfully and unlawfully conspire and agree with others, including, but not limited to, **RIGOBERTO ARVIZU** a.k.a. "Rico" a.k.a. "Rigo"; **SANTIAGO CIPRIAN** a.k.a. "Wally"; **WALDEMAR GONZALEZ** a.k.a. "Vic"; **ERIC RICHARDS** a.k.a. "E.B."; **KAMIUS SMITH** a.k.a. "Killer"; **DAVID RODRIGUEZ** a.k.a. "Ant"; **JAYSON DAVIDSON** a.k.a. "Boogie"; **DAVID MASON** a.k.a. "C" a.k.a. "Gussie"; **ALTON MAJORS** a.k.a. "Streets"; and **GAIL BROWN** and others, known and unknown, to possess with intent to distribute five

    (5) kilograms or more of cocaine, a Schedule II controlled substance and 50 grams or more of cocaine base, a Schedule II controlled substance. The defendant's involvement included, among other things, the purchase and interstate transportation of multi-kilogram quantities of cocaine to New York, the manufacturing of cocaine base from cocaine, the breakdown and packaging of smaller quantities of cocaine and cocaine base for resale, direct distribution of cocaine and cocaine base to others, and facilitating third party purchases of cocaine and cocaine base. The defendant understood that the goal or aim of the conspiracy he was involved in was to unlawfully sell cocaine base for profit.

  b. That on or about January 25, 2010, in Monroe County, Western District of New York, the defendant, **JAMES DOUCHETTE, a/k/a "Jigga" a/k/a "Jig"**, did knowingly and unlawfully possess and discharge a firearm, to wit, one (1) 9mm Ruger semiautomatic pistol, bearing serial number 311-94433.

  c. That said firearm was possessed and discharged in furtherance of a drug trafficking crime for which the defendant may have been prosecuted in a court of the United States, that is, a violation of Title 21, United States Code, Section 846, conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine and 50 grams or more of cocaine base.

### III. SENTENCING GUIDELINES

  6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

7.  The defendant acknowledges that the defendant has the following convictions and sentences:

a.  **Crime of Conviction:**      Attempted Criminal Sale of a Controlled Substance 3rd
    **Date of Conviction:**       12/11/1997
    **Court of Conviction:**      Monroe County Court, New York
    **Sentence upon Conviction:** 5 years probation

b.  **Crime of Conviction:**      Robbery 3rd
    **Date of Conviction:**       11/3/1999
    **Court of Conviction:**      Monroe County Court, New York
    **Sentence upon Conviction:** 2-4 years

Therefore, it is the understanding of the government and the defendant that the defendant is a Career Offender (Guidelines § 4B1.1(b)(A)). As a result, the defendant's base offense level is 37.

## ACCEPTANCE OF RESPONSIBILITY

8.  At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one

(1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 34 for Count 1.

## CRIMINAL HISTORY CATEGORY

9. As it is the understanding of the parties that the defendant is a Career Offender, the defendant's criminal history category is VI.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. Regarding Count 1, it is the understanding of the government and the defendant that, with a total offense level of 37 34 [handwritten: 34 JAN, initials] and a criminal history category of VI, the defendant's sentencing range would be a term of imprisonment of **262** to **327** months, a fine of **$17,500** to **$4,000,000**, and a period of supervised release of **5** years.

11. With regard to the defendant's conviction under Count 6 [18 U.S.C. § 924(c)(1)(A)(iii)], the government and the defendant agree that Guidelines §§ 2K2.4(c) and 4B1.1(c)(2)(A) apply to the offense of conviction and provide that the Guidelines sentence is the minimum term of imprisonment required by statute. The applicable statute, Title 18, United States Code, Section

924(c)(1)(A)(iii), requires a term of imprisonment of not less than 10 years to be imposed consecutively to any other sentence of imprisonment. A fine of up to $250,000 may be imposed and a term of supervised release of 3 to 5 years must be imposed on Count 6.

12. Based on the above, it is the understanding of the government and the defendant that the **aggregate sentencing range for defendant is a term of imprisonment of 382 to 447 months (262 to 327 months on Count 1 to run consecutively to 120 months on Count 6), a fine of $17,500 to $4,000,000, and a term of supervised release of 5 years.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement for both counts of conviction.

13. It is also the agreement of the parties pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure that the Court at the time of sentence impose **a fine of at least $1,513.00** as part of the appropriate sentence in this case. The defendant agrees that the $1,513.00 recovered by the police on June 17, 2009 will be applied toward the fine. This agreement does not affect the length and conditions of a term of imprisonment and supervised release that may be imposed by the Court at sentencing.

14. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

15. The defendant that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the pleas of guilty based on the sentence imposed by the Court.

### IV.    STATUTE OF LIMITATIONS

16. In the event the defendant's pleas of guilty are withdrawn, or his convictions vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically

reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or in any way related to the possession of firearms and the possession, manufacture or distribution of controlled substances, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or the vacating of the convictions becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

17. The defendant understands that the government has reserved the right to:

   a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offenses charged, the circumstances surrounding the charges and the defendant's criminal history;

   b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

   c. advocate for a specific sentence including the amount a fine and the method of payment; and

   d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the

government receives previously unknown information regarding the recommendation or factor.

18. At sentencing, the government will move to dismiss the open counts of the Indictment as against the defendant.

19. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

20. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VI. APPEAL RIGHTS

21. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the

right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 12, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

22.  The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

23.  The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 12, above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII. **FORFEITURE PROVISIONS**

38. As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1), which is in the possession and control of defendant or the defendant's nominees. That property includes:

**CURRENCY**

a.  The sum of approximately $14,290.00 United States currency seized on or about March 3, 2010, by the Rochester Police Department. The defendant further agrees that this amount is properly forfeitable pursuant to Title 21, United States Code, Section 853(a), as the $14,290.00 were proceeds of the defendant's illegal activities and waives any other rights the defendant may possess to contest that forfeiture.

39. The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853(a). The defendant further agrees to fully assist the government in the forfeiture of the aforementioned property and to take whatever steps are necessary to pass clear title to the United States, including, but not limited

to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of the above property to the United States, as deemed necessary by the government.

40. After the acceptance of this Plea of Guilty, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the government will request a <u>Preliminary Order of Forfeiture</u> covering the items listed in paragraph 34, above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

41. The defendant agrees to the entry of an order of forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the

court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

42. The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

43. The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and imposition of a civil penalty. Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

44. The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the vehicle as provided in this agreement.

## FIREARM/AMMUNITION

45. The defendant acknowledges that the defendant is the owner of the ammunition described below and agrees that the ammunition constitute a nuisance as provided for in New York Penal Law § 400.05. The property is described as follows:

   a.   one (1) 9mm Ruger semiautomatic pistol, bearing serial number 311-94433 and ammunition seized March 1, 2010 at 135 Spencer Street, Rochester, New York.

46. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property. The defendant further agrees to the destruction of the above described property.

47. In the event the defendant is allowed to withdraw the pleas of guilty or in the event this agreement is voided by the Court, it is expressly agreed and understood that the agreement for

the forfeiture of property is binding upon the defendant and survives the voiding of this agreement.

### IX.   TOTAL AGREEMENT AND AFFIRMATIONS

48. This plea agreement represents the total agreement between the defendant, JAMES DOUCHETTE, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

>KATHLEEN M. MEHLTRETTER
>United States Attorney
>Western District of New York
>
>BY: _____
>ROBERT A. MARANGOLA
>Assistant U.S. Attorney
>
>Dated: March 12, 2010

**ACKNOWLEDGMENT**

I have read this agreement, which consists of 24 pages. I have had a full opportunity to discuss this agreement with my attorney, James A. Napier, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
JAMES DOUCHETTE
Defendant

Dated: March /2, 2010

_____
JAMES A. NAPIER, ESQ.
Attorney for the Defendant

Dated: March /2, 2010

-24-