IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

          v.

WALDEMAR GONZALEZ,
  a/k/a "Vic,"

          Defendant.

10-CR-6058CJS

## PLEA AGREEMENT

The defendant, **WALDEMAR GONZALEZ**, and the United States
Attorney for the Western District of New York (hereinafter "the
government") hereby enter into a plea agreement with the terms and
conditions as set out below.

## I.   THE PLEA AND POSSIBLE SENTENCE

1.   The defendant agrees to plead guilty to Count 1 of the
Superseding Indictment which charges a violation of Title 21,
United States Code, Section 846 [conspiracy to possess with intent
to distribute, and to distribute, five (5) kilograms or more of
cocaine] for which the minimum possible sentence is a term of
imprisonment of 20 years and the maximum possible sentence is a
term of imprisonment of life, a fine of $8,000,000, a mandatory
$100 special assessment and a term of supervised release of at
least 10 years and up to life.  The defendant understands that the

penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.    The defendant will also admit that the quantities of United States currency described in subsections (a) and (b) of the Second Forfeiture Allegation of the Superseding Indictment are subject to forfeiture to the United States pursuant to Title 18, United States Code, Sections 924(d) and 3665.

3.  The defendant understands that, prior to the entry of the guilty plea, the government will file an information pursuant to Title 21, United States Code, Section 851 alleging the defendant's prior drug felony conviction as the basis for the imposition of the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A).

4.    The defendant admits that the defendant has a prior drug felony conviction which subjects the defendant to the enhanced penalties provided for in Title 21, United States Code, Section 841(b)(1)(A).

5.  The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in

-2-

prison all or part of the term of supervised release, up to five years, without credit for time previously served on supervised release.

## II.   ELEMENTS AND FACTUAL BASIS

6.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

Count 1 - 21 U.S.C. § 846

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine or 50 grams or more of a mixture or substance containing a detectable amount of cocaine base;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine was reasonably foreseeable to the defendant as being within the scope of the agreement.

## **FACTUAL BASIS**

7.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.    That between in or about January 2008 and in or about March 2010, the exact dates being unknown, in the Western District of New York, the defendant, **WALDEMAR GONZALEZ**, did knowingly, willfully and unlawfully conspire and agree with others, including, but not limited to, James Douchette, a/k/a Jigga, a/k/a Jig, Santiago Ciprian, a/k/a Wally, Eric Richards, a/k/a E.B., Kamias Smith a/k/a Kamius Smith, a/k/a Killer, David Rodriguez, a/k/a Ant, and others, known and unknown, to possess with intent to distribute, and to distribute, five (5) kilograms or more of cocaine, a Schedule II controlled substance.    The defendant's involvement included, among other things, the direct distribution of the controlled substances to others and the facilitation of third-party purchases.   The defendant understood that the goal or aim of the conspiracy he was involved in was to unlawfully sell controlled substances for profit.

-4-

b.   At least 50 kilograms but less than 150 kilograms
     of cocaine is the amount involved in the
     defendant's relevant conduct encompassed in Count 1
     of the Superseding Indictment which could be
     readily proven by the government against the
     defendant.

### III.   SENTENCING GUIDELINES

8.   The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9.   The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(2) apply to the offense of conviction and provide for a base offense level of 36.

### U.S.S.G. CHAPTER 3 ADJUSTMENTS

10.   The government and the defendant agree that the following adjustment to the base offense level does apply:

a.   The two (2) level upward adjustment of Guidelines
     § 3B1.1(c) (aggravating role in offense).

## ADJUSTED OFFENSE LEVEL

11.   Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 38.

## ACCEPTANCE OF RESPONSIBILITY

12.   At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total combined offense level of 35.

## CRIMINAL HISTORY CATEGORY

13.   It is the understanding of the government and the defendant that the defendant's criminal history category is III. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.   The defendant understands that the defendant has no right to withdraw

-6-

the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of **35** and a criminal history category of **III**, and taking into account the statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **240 to 262** months, a fine of **$20,000** to **$8,000,000**, and a period of supervised release of **10** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

15. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall

also relieve the government from any agreements to dismiss or not pursue additional charges.

16.   The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.   STATUTE OF LIMITATIONS

17.   In the event the defendant's plea of guilty is withdrawn, or his conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or in any way related to the unlawful possession, manufacture or distribution of controlled substances, which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or the vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

18. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence including the amount of fine and the method of payment; and

d. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines, including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information regarding the recommendation or factor.

19. At sentencing, the government will move to dismiss the open count of the Superseding Indictment pending against the defendant in this action.

20. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States

-9-

Attorney's Office for use in the collection of any unpaid financial obligation.

21.   The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government.   As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VI.   APPEAL RIGHTS

22.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 14, above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

-10-

23.  The defendant understands that by agreeing to not
collaterally attack the sentence, the defendant is waiving the
right to challenge the sentence in the event that in the future the
defendant becomes aware of previously unknown facts or a change in
the law which the defendant believes would justify a decrease in
the defendant's sentence.

24.  The government waives its right to appeal any component
of a sentence imposed by the Court which falls within or is greater
than the sentencing range for imprisonment, a fine and supervised
release set forth in Section III, ¶ 14, above, notwithstanding the
manner in which the Court determines the sentence. However, in the
event of an appeal from the defendant's sentence by the defendant,
the government reserves the right to argue the correctness of the
defendant's sentence.

## VII.  COOPERATION

25.  The defendant will cooperate with the government by
providing complete and truthful information regarding the
defendant's knowledge of any and all criminal activity, whether
undertaken by the defendant or others, in any way involving or
related to the unlawful possession of firearms and the unlawful
possession, manufacture, distribution or importation of controlled

-11-

substances, or acts of violence. The defendant's cooperation shall also include submitting to interviews by government attorneys and agents, as well as testifying truthfully and completely before grand juries and at such pre-trial and trial proceedings as the government shall deem necessary.

26. The defendant further agrees to provide proactive cooperation to the government regarding individuals involved in criminal activity involving the unlawful possession of firearms and the unlawful possession, manufacture, distribution or importation of controlled substances. The defendant agrees to comply with all reasonable instructions of law enforcement agents in this regard.

27. The defendant's cooperation shall also be provided to any local, state or federal authorities designated by the government and who have agreed to abide by the terms of the "Cooperation" section of this agreement. The defendant's obligation to testify truthfully and completely shall extend to proceedings in local, state and federal courts in jurisdictions which have agreed to abide by this agreement.

28. In exchange for the defendant's plea of guilty and cooperation as set forth in this agreement, the defendant will not be prosecuted by the Office of the United States Attorney for the

Western District of New York for any other federal criminal offenses committed in the Western District of New York in any way involving or related to the unlawful possession of firearms and the unlawful possession, manufacture, or distribution of controlled substances, committed up to the date of this agreement and about which the defendant provides complete and truthful information. Such a promise of non-prosecution does not foreclose any prosecution for an act involving murder, attempted murder, or act of physical violence against the person of another, or conspiracy to commit an act of violence.

29. Further, no testimony, statements or tangible objects provided by the defendant in compliance with this agreement (or any information directly or indirectly derived therefrom) will be used against the defendant in any criminal case, except a prosecution for perjury or making false statements.

30. Upon condition that the defendant has fully complied with all terms and conditions of this agreement, should the government determine that the defendant has provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, the government will move the Court at sentencing to depart downward from the Guidelines § 5K1.1 and the imposition of a sentence below a mandatory minimum term of

-13-

imprisonment pursuant to Title 18, United States Code, Section 3553(e). The defendant understands that the decision to make such a motion is within the sole discretion of the government and that the decision to grant such a motion, and the extent of any downward departure, are matters solely within the discretion of the Court.

31.  This agreement does not preclude the prosecution of the defendant for perjury or making false statements in the event the defendant testifies falsely or provides false information to the government. This agreement is not contingent upon the filing of charges against, the return of an Indictment against, or the successful prosecution of, any person or entity.

32.  It is a condition of this agreement that, up through the date of the defendant's sentencing, the defendant shall commit no further crimes. It is also a condition of this agreement that the defendant must, at all times, give complete, truthful and accurate information and testimony and not withhold information from the government or refuse to testify truthfully and completely. Should the defendant be sentenced prior to the completion of the defendant's cooperation with the government, the defendant's obligation to comply with the cooperation provisions of this agreement extends past sentencing.

-14-

33. In the event the government believes the defendant has violated any of the conditions of the "Cooperation" section of this agreement, the government, in addition to its other rights as set forth in the "Cooperation" section of this agreement, reserves the right: (a) to modify any recommendation the government agreed to make in a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e); and (b) to petition the Court, before or after sentencing, for an order declaring that the defendant has breached the "Cooperation" section and relieving the government of its obligations under this section.

34. In the event the government petitions the Court to declare that the defendant has breached the "Cooperation" section of this agreement, whether the defendant has violated any of the conditions of the "Cooperation" section shall be determined by the Court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the government shall be required to establish any violation by a preponderance of the evidence. In order to establish any violation by the defendant, the government is entitled to rely on statements and information given by the defendant pursuant to this agreement.

35. If the "Cooperation" section of this agreement is declared breached by the Court:

- a. the defendant shall thereafter be subject to prosecution for any federal criminal violations of which the government has knowledge, including but not limited to, perjury and obstruction of justice;

- b. the government may withdraw any motion filed pursuant to Sentencing Guidelines § 5K1.1, Title 18, United States Code, Section 3553(e) and/or Rule 35(b);

- c. the defendant has no right to withdraw the plea of guilty;

- d. the defendant shall waive all rights under Fed. R. Crim. P. 11(f), Fed. R. Evid. 410 and Sentencing Guidelines § 1B1.8 and the defendant expressly agrees that all statements, testimony and tangible objects provided by the defendant (with the exception of statements made in open court during guilty plea proceedings), whether prior or subsequent to this agreement, can be used directly and indirectly in any and all criminal proceedings against the defendant; and

- e. the defendant agrees that any charges that were dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government. Furthermore, the defendant agrees not to assert the statute of limitations as a defense to any criminal offense involving or related to the unlawful possession, manufacture, distribution or importation of controlled substances which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the Court's order declaring the agreement breached by the defendant becomes final.

36. At the time of sentencing, the government will make the nature and extent of the defendant's compliance with this agreement

-16-

known to the Court.  The government and the defendant will request that sentencing be adjourned until full satisfaction by the defendant of the terms of this agreement.  In the event the defendant is sentenced prior to the completion of the defendant's cooperation with the government, the government reserves the right to modify any recommendation to be made by the government at sentencing pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e).

37.  The defendant's attorney is expressly permitted to be present at any time the defendant is questioned or interviewed by government agents regarding the matters set forth in this agreement.

## VIII.  FORFEITURE PROVISIONS

38.  As a condition of the plea, the defendant agrees not to contest any forfeiture or abandonment proceeding that may be brought by the United States and agrees to immediately criminally forfeit all of the defendant's right, title and interest to any and all property which is subject to forfeiture pursuant to 21 U.S.C. § 853(a)(1), which is in the possession and control of defendant or the defendant's nominees.  That property includes:

-17-

**CURRENCY:**

a.    The sum of approximately $41,760.00 United States
      currency seized on or about February 12, 2010, by
      the Rochester Police Department.    The defendant
      further   agrees   that   this   amount   is   properly
      forfeitable pursuant to Title 21, United States
      Code,  Section  853(a)(1),  as  the  $41,760.00  was
      proceeds of the defendant's illegal activities and
      waives any other rights the defendant may possess
      to contest that forfeiture.

b.    The sum of approximately $38,687.00 United States
      currency seized on or about February 12, 2010, by
      the Rochester Police Department.    The defendant
      further   agrees   that   this   amount   is   properly
      forfeitable pursuant to Title 21, United States
      Code,  Section  853(a)(1),  as  the  $38,687.00  was
      proceeds of the defendant's illegal activities and
      waives any other rights the defendant may possess
      to contest that forfeiture.

     39.    The defendant also agrees that the property listed above

is properly forfeitable to the United States pursuant to Title 21,

United States Code, Section 853(a)(1).    The defendant further

agrees to fully assist the government in the forfeiture of the

aforementioned property and to take whatever steps are necessary to

pass clear title to the United States, including, but not limited

to surrender of title and execution of any documents necessary to

transfer the defendant's interest in any of the above property to

the United States, as deemed necessary by the government.

     40.    After the acceptance of this Plea of Guilty, and pursuant

to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the

-18-

government will request a <u>Preliminary Order of Forfeiture</u> covering the items listed in paragraph 35(a), above. The defendant hereby waives any right to notice of such <u>Preliminary Order of Forfeiture</u>. The defendant further consents and agrees that the <u>Order of Forfeiture</u> shall become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the Judgment pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure.

41. The defendant agrees to the entry of an order of forfeiture for the aforementioned property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

42. The defendant agrees that forfeiture of the aforementioned property as set forth in this agreement shall not be deemed an alteration of the defendant's sentence. Forfeiture of the defendant's property shall not be treated as satisfaction of

-19-

any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

43.   The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets and   imposition   of   a   civil   penalty.    Defendant   knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture in any proceeding, including any   jeopardy   defense   or   claim   of   double   jeopardy,   whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.    Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

44.   The defendant further waives any right to appeal or collaterally attack any matter in connection with the forfeiture of the vehicle as provided in this agreement.

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

45.   This plea agreement represents the total agreement between the defendant, WALDEMAR GONZALEZ, and the government. There are no promises made by anyone other than those contained in

this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY:    _____
ROBERT A. MARANGOLA
Assistant U.S. Attorney

Dated: April 28 , 2010

## ACKNOWLEDGMENT

I have read this agreement, which consists of 21 pages. I have had a full opportunity to discuss this agreement with my attorney, Michael P. Schiano, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

_____
WALDEMAR GONZALEZ
Defendant

Dated: April 28 , 2010

_____
MICHAEL P. SCHIANO, ESQ.
Attorney for the Defendant

Dated: April 28 , 2010

-21-