


IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

10-CR-6058CJS

DAVID RODRIGUEZ
a/k/a "Ant",

Defendant.

---

# PLEA AGREEMENT

The defendant, **DAVID RODRIGUEZ**, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.0

## I. THE PLEA AND POSSIBLE SENTENCE

1. The defendant, **DAVID RODRIGUEZ**, agrees to plead guilty to Count 1 of the Superseding Indictment which charges a violation of Title 21, United States Code, Section 846 (conspiracy to possess with intent to distribute, and to distribute, five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base) for which the minimum sentence is a term of imprisonment of ten (10) years, and the maximum possible sentence is a term of imprisonment of life, a fine of $4,000,000, a mandatory $100 special assessment

and a term of supervised release of at least five (5) years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The government agrees that an information pursuant to Title 21, United States Code, Section 851 will not be filed with respect to Count 1 of the Indictment.

3. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II. <u>ELEMENTS AND FACTUAL BASIS</u>

4. The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

First, that an agreement existed between two or more persons to commit a controlled substance felony offense, to wit, to possess with intent to distribute, and to distribute, a mixture or substance containing a detectable amount of cocaine or cocaine base;

Second, that the defendant knew of the existence of the agreement;

Third, that the defendant intended to participate in the unlawful agreement; and

Fourth, that at least five (5) kilograms of a mixture or substance containing a detectable amount of cocaine, or at least fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base, was reasonably foreseeable to the defendant as being within the scope of the agreement.

**FACTUAL BASIS**

5. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a. That between in or about January 2005 and in or about March 2010, the exact dates being unknown, in Monroe County, Western District of New York, the defendant, **DAVID RODRIGUEZ**, did knowingly, willfully and unlawfully conspire and agree with others, including, but not limited to, James Douchette, Santiago Ciprian, Waldemar Gonzalez, Kamius Smith, Jayson Davidson, David Mason, Alton Majors, and others, known and unknown, to possess with intent to distribute, and to distribute, five (5) kilograms or more of cocaine and fifty (50) grams or more of cocaine base, Schedule II controlled substances. The defendant's involvement included, among other things, the direct distribution of the controlled substances to others and the facilitation of third-party purchases of the controlled substances. The defendant understood that the goal or aim of the conspiracy he was involved in was to unlawfully sell controlled substances for profit.

b. At least 15 kilograms but less than 50 kilograms of cocaine and at least 500 grams but less than 1.5 kilograms of cocaine base (equivalent under the Guidelines of at least 3,000, but less than 10,000 kilograms of marijuana) is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Indictment which could be readily proven by the government against the defendant.

## III. SENTENCING GUIDELINES

6. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

BASE OFFENSE LEVEL

7. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(3) apply to the offense of conviction and provide for a base offense level of 34.

ACCEPTANCE OF RESPONSIBILITY

8. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of 31.

CRIMINAL HISTORY CATEGORY

9. It is the understanding of the government and the defendant that the defendant's criminal history category is IV. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

10. It is the understanding of the government and the defendant that, with a total offense level of 31 and a criminal history category of IV, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of 151 to 188 months, a fine of $15,000 to $4,000,000 and a period of supervised release of five (5) years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in Paragraph 1 of this agreement.

11. Notwithstanding the above calculations, it is the agreement of the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure that, unless the government files a motion pursuant to Guidelines § 5K1.1 and/or Title 18, United States Code, Section 3553(e), the Court at the time of sentence impose a **180 month term of imprisonment** as part of the appropriate sentence in this case. If, after reviewing the presentence report, the Court rejects this agreement, the parties will be relieved of their other obligations under this agreement and the defendant shall then be afforded the opportunity to withdraw the plea of guilty. This agreement does not affect the

amount of a fine or the length and conditions of a term of supervised release that may be imposed by the Court at sentencing.

12. The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13. The defendant understands that, except as set forth in Paragraph 11, above, the Court is not bound to accept any Sentencing Guidelines calculations and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

14. In the event the defendant's plea of guilty is withdrawn, or his conviction vacated, either pre- or post-sentence, by way of

appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or in any way related to the unlawful possession, manufacture or distribution of controlled substances, which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or the vacating of the conviction becomes final.

## V. GOVERNMENT RIGHTS AND RESERVATIONS

15. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the

government receives previously unknown information regarding the recommendation or factor; and

d. advocate for a specific sentence including the amount of a fine and the method of payment.

16. The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

17. The defendant understands that, pursuant to Title 18, United States Code, Section 3600, the defendant may have the right to request DNA testing of evidence in the possession of the government. As a condition of this agreement, the defendant voluntarily waives, for all purposes, any right to request DNA testing of any such evidence.

## VI. APPEAL RIGHTS

18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release

set forth in Section III, Paragraph 10, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

19. The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

20. The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, Paragraph 10, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VII. TOTAL AGREEMENT AND AFFIRMATIONS

21. This plea agreement represents the total agreement between the defendant, **DAVID RODRIGUEZ**, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements,

written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: [signature]
ROBERT A. MARANGOLA
Assistant U.S. Attorney

Dated: ~~September~~ NOVEMBER 12, 2010

ACKNOWLEDGMENT

I have read this agreement, which consists of 18 pages. I have had a full opportunity to discuss this agreement with my attorney, Matthew D. Nafus, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

[signature]
DAVID RODRIGUEZ
Defendant

Dated: ~~September~~ November 12, 2010

[signature]
MATTHEW D. NAFUS, ESQ.
Attorney for the Defendant

Dated: ~~September~~ November 12, 2010