IN THE DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA, | **STATEMENT OF DEFENDANT WITH RESPECT TO SENTENCING FACTORS** |
| -vs- | |
| DAVID RODRIGUEZ, | |
| Defendant. | Ind. No. 6:10-CR-06058 CJS |

---

I, Matthew D. Nafus, an attorney assigned to in this matter, affirm as follows:

1. I am an attorney admitted to practice law in the United States District Court for the Western District of New York and I am assigned to represent the above captioned defendant David Rodriguez in this action brought by the United States of America.

2. I am familiar with the facts and circumstances of this case by reason of my investigation of this matter, review of discovery provided and conversations with my client and others.

3. I make this affirmation in accordance with the requirements of Section 6A1.2 of the Sentencing Guidelines, "Statement of Defendant with Respect to Sentencing Factors" as promulgated by the United States Sentencing Commission.

4. In accordance with those rules, it is hereby stated on behalf of the defendant that I have reviewed the revised Pre-sentence Investigation Report ("PSR"), dated June 24, 2011, and have discussed it with my client.

5. Mr. Rodriguez accepts responsibility for his conduct in this case. He recognizes that his conduct was wrong. Mr. Rodriguez stands before this Court ashamed for his conduct. Mr. Rodriguez desperately wants to achieve a total rehabilitation so he never again becomes involved in this type of conduct again.

6. I ask the Court to consider the extent of Mr. Rodriguez's involvement in this

conspiracy. In the overview section of the PSR, Mr. Rodriguez's involvement is described as "the direct distribution of controlled substances to others and facilitated third party purchases." PSR, paragraph 18. This is consistent with the plea colloquy of Mr. Rodriguez wherein he admitted to purchasing controlled substances from others in the conspiracy and then re-selling to end-use customers. He was not an organizer or leader of the conspiracy but rather one of the lower level participants. Some of the evidence demonstrating his lesser role was the execution of a search warrant at 45 Rockview Terrace, which was the parole residence for Mr. Rodriguez and also his mother's address. In the course of the search, the police found photographs, a possible drug ledger and paperwork in Mr. Rodriguez's name. No drugs were found in the search of 45 Rockview Terrace. There were no controlled buys from Mr. Rodriguez by confidential informants or any evidence of him transporting significant amounts of drugs.

7. The position of Mr. Rodriguez in this case is similar to that of Jayson Davidson, David Mason and Alton Majors. The conduct of each was described similarly in the PSR as "direct distribution of controlled substances to others and facilitated third party purchases." PSR, paragraph 18. Mr. Mason was previously sentenced to 63 months, Mr. Majors was previously sentenced to 97 months and Mr. Davidson, upon information and belief, is pending sentencing with a plea agreement of 120 months. I ask the Court to consider the sentences for co-defendants whose criminal conduct was similar to Mr. Rodriguez when determining an appropriate sentence for my client. 18 U.S.C. §3553(a)(6).

8. Mr. Campbell also requests the Court consider his family situation. Mr. Rodriguez is currently married to Lyla Rodriguez and they have one infant child. Mr. Rodriguez also has four other children from two previous relationships. One child, Alayasha, age 4, has hydrocelaphus which affects her brain development. Any prolonged absence of Mr. Rodriguez from his

children's lives could be devastating to them.

    9. The PSR is very insightful as to why Mr. Rodriguez ended up before the Court. In the paragraph 85, it's noted that the father of Mr. Rodriguez moved away when my client was young and he was primarily raised by his mother. Quoting from Monroe County Probation Records, the PSR notes that Mr. Rodriguez's mother "has a history of both substance abuse and mental health issues." PSR, paragraph 85. Not surprisingly, she "was neglectful of the defendant due to these issues and she did not provide consistent and effective parenting and supervision."

    10. In turn, Mr. Rodriguez developed his own mental health issues. He was diagnosed with ADHD when he was in the second grade. PSR, paragraph 89. Upon referral to Strong Mental Health in 1999, Mr. Rodriguez was found to have an "extreme degree of impulsivity, difficulty focusing his attention, and an extreme degree of hyperactivity." PSR, paragraph 91. These traits are consistent with Oppositional Defiant Disorder. PSR, paragraph 91. Predictably, Mr. Rodriguez did not do well in school, has a history of substance abuse, and a criminal record. In school, he had a "long history of inattention, impulsivity, disruptive classroom behavior, mood liability and inconsistent academic performance." PSR, paragraph 99. Although it appears he was repeatedly recommended for medication to treat his ADHD, he never received such treatment probably due to his mother's inattention or indifference.

    11. Mr. Rodriguez finds himself in the same position as the defendants described by Judge Weinstein in U.S. v. Bannister, 2011 WL 1113591 (E.D.N.Y.).

> Had the defendants been raised by cohesive, adequate families, most of the difficulties they encountered would probably never have come to pass. Well-resourced, attentive parents would have had the knowledge, ability, and insight to protect their children from many of the difficulties that befell these defendants in their youth, to obtain assistance to deal with their psychological and physical problems, and to obtain crucial opportunities for education, work, and personal growth. Even those with learning disabilities would likely have been provided

>available resources to overcome their impairments at public expense. That the defendants were born into circumstances without such support is at the center of this tragedy.

2011 WL 1113591 at page 51.

12. The PSR also documents a long history of substance abuse to include abuse of alcohol and marijuana from a young age. PSR, paragraphs 92-97. Of note, however, while on pretrial release, Mr. Rodriguez was drug tested on 4 occasions and tested negative each time. The PSR also states that Mr. Rodriguez maintained employment while released and reported to the pretrial office when required.

13. Defendant requests that any fines be waived due to his lack of income. PSR §§ 102-104.

14. Mr. Rodriguez requests the Court recommend to the Bureau of Prisons that he serve his sentence in a facility as close to Rochester, New York as possible.

15. Based upon the foregoing, the Defendant David Rodriguez requests that the Court impose an appropriate and just sentence.


Dated: March 6, 2012
      Scottsville, New York

                                              /s/Matthew D. Nafus
                                              Matthew D. Nafus, Esq.
                                              Attorney for Defendant David Rodriguez
                                              54 Main Street
                                              Scottsville, New York 14546
                                              Telephone:  (585) 889-1180

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

THE UNITED STATES OF AMERICA,

    -vs-

DAVID RODRIGUEZ,

        Defendant.

                              Docket No.:  10-CR-6058CJS

───────────────────────────────────────

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2012, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

    Robert Marangola, Esq., Assistant United States Attorney, at

        Robert.Marangola@usdoj.gov.

And I hereby certify that I have mailed the forgoing, by the United States Postal Service, to the following non-CM/ECF participants:

    Kerry J. Chartier, United States Probation Officer.

Dated: March 6, 2012

                                                  /s/ Matthew D. Nafus
                                                  Matthew D. Nafus, Esq.
                                                  54 Main Street
                                                  Scottsville, New York 14546
                                                  Tel:  (585) 889-1180
                                                  Fax:  (585) 889-1189
                                                  Email:  mnafus@scottsvillelaw.com